**Ellenoff Grossman & Schole LLP**

150 East 42nd Street
New York, NY 10017
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
www.egsllp.com

Anthony Galano, III
e-mail: agalano@egsllp.com
Direct Facsimile: (646) 895-7136

May 23, 2013

**Via ECF & Facsimile**
Honorable Eric N. Vitaliano
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re:  <u>Muneerah Crawford v. Arne Duncan, et al.</u>,
     Dkt. No.: 11 CV 3774 (ENV) (RER):

Dear Judge Vitaliano:

      We represent defendant Citibank N.A. ("Citibank"), improperly sued herein as Citibank Student Loan Corporation. We write this letter in regards to plaintiff Muneerah Crawford's ("Plaintiff") Second Amended Complaint, which was filed on May 13, 2013 (the "SAC"). Pursuant to Your Honor's order, dated March 25, 2013 (the "March 25 Order"), Plaintiff was required to either amend her complaint to properly state a claim under the Fair Credit Reporting Act ("FCRA"), or to bolster her prayer for relief with facts showing damages in excess of $75,000. Plaintiff's SAC unequivocally fails to meet these standards.

      First, Plaintiff has failed to state a cause of action under the FCRA, as she has not alleged that she notified a credit reporting agency of a dispute concerning her credit information, or that a credit reporting agency notified Citibank of such a dispute. *See* 15 U.S.C. §1681s-2(b). In any event, even if Plaintiff had properly set forth a sufficient basis for a potential private cause of action under the FCRA, she has not pled any of the requisite elements for a claim that Citibank breached its duty to investigate a notice of a dispute concerning her credit information. *See Fashakin v. Nextel Commc'ns*, No. 05 Civ. 3080 (SLT) (RER), 2006 WL 1875341, at *5 (E.D.N.Y. July 5, 2006).

      Second, Plaintiff has failed to properly allege damages in excess of $75,000 with respect to her claims for fraud and breach of contract. Plaintiff's prayer for relief seeks $30,000 in order to repay the outstanding principal and accrued interest on her student

Ellenoff Grossman & Schole LLP

loans[1], relocation costs in the amount of $7,000 for Plaintiff to return to California, and punitive damages in the amount of $125,000 which represent 13 years of lost wages that Plaintiff believes she would have earned by working in the Entertainment Industry. (Plaintiff's Statement of Supporting Facts accompanying the SAC, at p. 9-10).

The March 25 Order clearly set forth certain categories of damages that are not recoverable by Plaintiff in this action. In particular, Plaintiff's prior prayer for relief seeking lost wages, pain and suffering, and punitive damages was dismissed with prejudice. Notwithstanding the March 25 Order, Plaintiff continues to seek punitive damages that are identical to those that appeared in her previous two complaints. Therefore, the Court should disregard Plaintiff's claim for $125,000 of punitive damages.

In addition, almost all of the remaining $37,000 worth of damages sought by Plaintiff are also not recoverable. Plaintiff is not entitled to receive money to return to California because her previous departure is not directly traceable to any breach of contract or fraud that was allegedly committed by Citibank. *See Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 103 F. Supp. 2d 582, 599 (E.D.N.Y. 2000); *Spherenomics Global Contact Centers v. vCustomer Corp.*, 427 F. Supp. 2d 236, 251 (E.D.N.Y. 2006). Furthermore, while Plaintiff may seek damages necessary to restore her to the same position that she would have been in had Citibank not allegedly committed a fraud or breach of contract, she is not entitled to repayment of the entire outstanding balance of her student loan.[2] *See Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006).[3]

The SAC is nothing more than a thinly veiled attempt by the Plaintiff to circumvent the March 25 Order by recasting her prior allegations in a slightly different form. The SAC does not set forth any conceivable basis for jurisdiction of Plaintiff's claims in this Court. As such, we respectfully request the Court to move *sua sponte* to dismiss the SAC with prejudice for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). *See U. S. for Use & Benefit of Victory Elec. Corp. v. Maryland Cas. Co.*, 213 F. Supp. 800, 802 (E.D.N.Y. 1963), *adhered to on rearg* 215 F. Supp. 700 (E.D.N.Y. 1963) ("[I]t is essential that the Court determine if it has jurisdiction…and if no such jurisdiction exists, it may sue sponte or on the suggestion of the parties dismiss the action.").

---

[1] Plaintiff gives two different dollar amounts for the outstanding balance of her student loans on pages 9 and 10 of the Statement of Supporting Facts which is annexed to the SAC. We interpret this discrepancy in the light most favorable to Plaintiff, and assume she is alleging that $13,277 represents the unpaid principal on the loan, and that $30,000 is the total outstanding balance including principal, interest and fees.

[2] Plaintiff does not calculate the exact amount of money that she claims Citibank erroneously received, but she describes it as "a small amount of money." (SAC, at ¶ 36). This cannot possibly meet the $75,000 threshold for jurisdiction pursuant to 28 U.S.C. § 1332.

[3] Citibank also maintains that Plaintiff has also failed to plead fraud with particularity under FCRP 9(b) in the SAC.

Ellenoff Grossman & Schole LLP

       Should the Court decide not to dismiss the SAC, we request permission to file a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) in lieu of filing an Answer, and propose the following briefing schedule for the motion. We propose that the motion shall be filed by June 21, 2013, plaintiff's opposition shall be filed by July 12, 2013, and the reply shall be filed by July 31, 2013.

       We have not obtained the Plaintiff's consent to this proposed briefing schedule. My associate, Jordan Wolff, contacted Plaintiff via email with the proposed briefing schedule on May 21, 2013, but Plaintiff has yet to respond. Therefore, we look to the Court for assistance in approving this schedule if a motion is deemed necessary.

      Please contact the undersigned if Your Honor requires any additional information.

Respectfully Submitted,

Anthony Galano, III (9950)

cc: **Via ECF and Certified Mail, Return Receipt Requested**
Muneerah Crawford
Plaintiff Pro Se
69-34 F 186 Lane
Fresh Meadow, NY  11365

**Via ECF**
Honorable Ramon E. Reyes, Jr.
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201