UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MUNEERAH CRAWFORD,                          :
                                            :
                         Plaintiff,         :
                                            :     MEMORANDUM & ORDER
         -against-                          :
                                            :     11-CV-3774 (ENV)
ARNE DUNCAN, ET AL.,                        :
                                            :
                                            :
                         Defendants.        :
---------------------------------------------------------------- x

VITALIANO, D.J.

      *Pro se* plaintiff Muneerah Crawford initiated this action on August 3, 2011. By Memorandum and Order dated March 25, 2013, the Court dismissed the complaint in its entirety, but granted Crawford 30 days leave to replead her contract, fraud and Fair Credit Reporting Act ("FCRA") claims, as well as to state, if there were facts to support it, additional damages.[1] *Crawford v. Duncan*, 11-CV-3774 ENV, 2013 WL 1346382 (E.D.N.Y. Apr. 3, 2013). Further, the Court cautioned Crawford that, should she fail to either bolster her prayer for relief with facts showing damages exceeding $75,000 or properly state a claim under FCRA, the Court could not grant relief or even retain jurisdiction over her state law claims. Familiarity with the facts of this case and the Court's March 25 Order granting of the motion to dismiss is presumed.

      Crawford filed a second amended complaint ("SAC") on May 13, 2013, which defendant Citibank N.A. ("Citibank") now moves to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion is granted, and the claims that are the subject of the motion are dismissed without prejudice.

---

[1] On June 4, 2013, defendants the United States of America, Secretary of Education Arne Duncan, and the United States Department of Education were terminated as parties.

1

Discussion

As is clear from the March 25 Order, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006). Even a *pro se* plaintiff, however, must establish in her pleadings that the court in which she filed her complaint has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank N.A.,* 32 F.Supp.2d 539, 541–42 (E.D.N.Y.1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of federal courts is limited. Federal courts generally have authority to hear a case only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574 (1999). "Where jurisdiction is lacking ... dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford,* 711 F.2d 501, 503 (2d Cir.1983); *see also* Fed.R.Civ.P. 12(h)(3).

Of the three claims Crawford was granted leave to replead, only the FCRA claim arises under federal law and, by extension, presents a "federal question" within the meaning of § 1331. The Court enumerated the elements of a properly pled FCRA claim in its March 25 Order. *Crawford,* 2013 WL 1346382 at *3-4. Nonetheless, the SAC omits any reference whatsoever as

2

to whether (1) Crawford notified a credit reporting agency of a dispute concerning her credit information, (2) such agency notified Citibank of the dispute, and (3) Citibank investigated such a dispute. Crawford, in effect, acknowledges the absence of the requisite repleading by disclaiming her intent to bring a claim under FCRA. (SAC at 9.) Without an actionable federal claim, the Court cannot exercise federal question jurisdiction under § 1331, nor, by extension, jurisdiction supplemental to it that might allow it to entertain pendant state law claims.

Other shortcomings in the SAC also extinguish the possibility of diversity jurisdiction. Pursuant to § 1332, diversity jurisdiction lies only if (1) there is complete diversity of citizenship between the parties, that is, no defendant is a citizen of the same state as any plaintiff and (2) the amount in controversy in the diverse claim exceeds $75,000. 28 U.S.C. § 1332. Crawford's amended prayer for relief in the SAC falls well below this threshold. The largest item in her prayer—$125,000 in punitive damages—was struck by the March 25 Order. *Crawford*, 2013 WL 1346382 at *6. Even if the remaining damages of $37,000 Crawford seeks were recoverable, Crawford would still fail to meet the pleading minimum established by § 1332. Accordingly, diversity jurisdiction does not obtain either.

## Conclusion

In line with the foregoing, the Court dismisses the second amended complaint, pursuant to Rule 12(b)(1), but plaintiff's fraud and contract claims are dismissed without prejudice to their refiling in a state court of competent jurisdiction, except that all claims against the United States and all federal defendants are dismissed with prejudice. As to plaintiff's FCRA claim, the Court would have jurisdiction over it, but it is withdrawn by the SAC and so it is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

The Clerk is further directed to mail a copy of this Memorandum and Order to plaintiff at her last known address of record.

Any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 5, 2013

                                            s/ ENV
                                            _____
                                            ERIC N. VITALIANO
                                            United States District Judge

4